**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SMDI Company, | No. CV-06-1661-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Dynamic Details Incorporated, Arizona, et al., | |
| Defendants. | |

**I**

In 2001, Dynamic Details Incorporated, Arizona ("DDI Arizona") assumed the obligations as lessee of two commercial properties for which SMDI Company ("SMDI") is the property manager. SMDI contends that DDI Arizona violated its lease and committed various environmental harms. SMDI also contends that the owners of the properties authorized it to enforce the terms of the lease. Accordingly, SMDI filed this action against DDI Arizona seeking damages for breach of contract and an injunction requiring DDI Arizona to disclose various documents related to the properties' environmental conditions. SMDI also named as defendant Dynamic Details Incorporated ("DDI"), which it describes as DDI Arizona's alter ego. Defendants contend that all claims against DDI should be dismissed because SMDI cannot show that DDI is DDI Arizona's alter ego, and that all claims against both DDI and DDI Arizona should be dismissed because SMDI lacks standing. We have before us defendants' motion to dismiss (doc. 4), the response and the

reply; plaintiff's alternative motion to convert the motion to dismiss to a motion for summary judgment and to extend the time to respond (doc. 7), the response and the reply; and defendants' motion to strike (doc. 9), the response and the reply.

## II

We begin by clarifying the standard by which we consider a motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P. A complaint should only be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957). We must accept all of plaintiff's material factual allegations as true, and draw all reasonable inferences in plaintiff's favor. Anderson v. Clow (In re Stac Elecs. Sec. Litig.), 89 F.3d 1399, 1403 (9th Cir. 1996). And we may consider only facts alleged in the pleadings, documents incorporated into the pleadings by reference, or matters upon which we may take judicial notice. Lovelace v. Software Spectrum Inc., 78 F.3d 1015, 1017-18 (5th Cir. 1996). Consideration of other matters requires us to convert the motion to dismiss to a motion for summary judgment. Fed. R. Civ. P. 12(b). However, this device is of limited utility because, unless the external materials are incontrovertible, we must give the parties a fair opportunity to conduct discovery to flesh out their case.

## III

"[W]hen one corporation so dominates and controls another as to make that other a simple instrumentality or adjunct to it, the courts will look beyond the legal fiction of distinct corporate existence, as the interests of justice require." Gatecliff v. Great Republic Life Ins. Co., 170 Ariz. 34, 38, 821 P.2d 725, 729 (1991) (quotation omitted). Accordingly, for SMDI to prevail on its claims against DDI, it must show a "unity of control" between DDI and DDI Arizona, and that the "observance of the corporate form would sanction a fraud or promote injustice." Taeger v. Catholic Family and Cmty. Servs., 196 Ariz. 285, 297, 995 P.2d 721, 733 (Ct. App. 1999) (quotation omitted). SMDI contends that DDI financed and operated DDI Arizona's operations, that DDI's operations directly caused harm to SMDI, and therefore DDI should be considered DDI Arizona's alter ego.

1 Defendants contend that SMDI cannot show either of the requisite elements. First, 2 defendants present evidence to show that DDI and DDI Arizona function separately. This 3 evidence, which is external to the pleadings, is inadmissible at this stage. And to the extent 4 that any of the evidence is admissible, it is insufficient to show beyond doubt that SMDI 5 cannot prevail against DDI on an alter ego theory. Next, defendants contend that SMDI 6 "failed to present any admissible evidence to prove that DDI Arizona is an instrumentality 7 of DDI." Reply in Support of Motion to Dismiss at 5. SMDI need not present evidence at 8 this stage; we accept as true the factual allegations in its complaint. Finally, defendants 9 assert that SMDI does not allege that DDI Arizona was established for any fraudulent, unjust 10 or inequitable reasons. SMDI need not do so to prevail. It need only assert facts that would 11 show that "observance of the corporate form would sanction a fraud or promote injustice," 12 and it alleges that DDI acted to SMDI's detriment and therefore it should be held responsible. 13 Accordingly, we deny defendants' motion to dismiss the claims against DDI.

14 **IV**

15 Defendants also contend that because SMDI is the property manager and not the 16 landlord or owner of the disputed properties, it lacks standing to bring these claims. In 17 response, SMDI contends that the proper inquiry is not one of standing, but one of the real 18 party in interest pursuant to Rule 17(a), Fed. R. Civ. P. Although SMDI contends that it is 19 authorized by the owners of the property to bring this action, it does not contend that it has 20 standing or that it is the real party in interest. Instead, it seeks a reasonable period of time 21 to amend the complaint to name the owners as plaintiffs. SMDI's request is reasonable at this 22 early stage of the litigation.

23 **V**

24 Accordingly, **IT IS ORDERED DENYING** defendants' motion to dismiss (doc. 4). 25 **IT IS FURTHER ORDERED DENYING** as moot plaintiff's alternative motion to 26 convert defendants' motion to dismiss to a motion for summary judgment and for an 27 extension of time for response (doc. 7).

28

1     **IT IS FURTHER ORDERED DENYING** as moot defendants' motion to strike the
2  affidavit of Timothy H. Barnes, which relates to plaintiff's moot alternative motion (doc. 9).
3     **IT IS FURTHER ORDERED** that SMDI shall, within 15 days of the docketing of
4  this order, file an amended complaint substituting the owners of the disputed property as
5  plaintiffs. Failure to do so will result in dismissal of this case.
6     DATED this 14th day of August, 2006.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge