**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barbara Ann Ball, as Special Trustee of the Barbara Ann Ball Revocable Trust; Mary Ball Glimpse, as Special Trustee of the Mary Ball Glimpse Trust; Wells Fargo Bank, N.A. and Germain H. Ball, as Co-Trustees of the Leona Harmon Rickenbach Trust; and Nelco-WF, L.L.C., an Arizona limited liability company,<br><br>   Plaintiff,<br><br>vs.<br><br>Dynamic Details Incorporated, Arizona; Dynamic Details Incorporated; Nelco Technology, Inc,<br><br>   Defendants.<br><br>_____<br><br>Dynamic Details Incorporated, Arizona,<br><br>   Counterclaimant,<br><br>vs.<br><br>Barbara Ann Ball, as Special Trustee of the Barbara Ann Ball Revocable Trust; Mary Ball Glimpse, as Special Trustee of the Mary Ball Glimpse Trust; Wells Fargo Bank, N.A. and Germain H. Ball, as Co-Trustees of the Leona Harmon Rickenbach Trust; and Nelco-WF, L.L.C., an Arizona limited liability company,<br><br>   Counterdefendants.<br>_____ | No. CV-06-1661-PHX-FJM<br><br>**ORDER** |

1  Dynamic Details Incorporated, Arizona, )
                                         )
2                  Cross-Claimant,       )
                                         )
3  vs.                                   )
                                         )
4  Nelco Technology, Inc.,               )
                                         )
5                  Cross-Defendant.      )
   _____)
6
7

8        The court has before it defendant Nelco Technology, Inc.'s ("Nelco") motion to
9 dismiss for lack of subject matter jurisdiction (doc. 29), plaintiffs' response (doc. 34),
10 defendants Dynamic Details Inc.'s and Dynamic Details Incorporated, Arizona's[1] ("DDI-
11 Arizona") response (doc. 37), and Nelco's reply (doc. 44). For the following reasons, we
12 conclude that the parties lack complete diversity of citizenship and we therefore are without
13 subject matter jurisdiction.

14 **I**

15        Federal courts have subject matter jurisdiction where a question of federal law is
16 involved or where there is diversity of citizenship between the parties and the amount in
17 controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. In a removed action, a district court
18 is required to remand a case to state court if, at any time before final judgment, it determines
19 that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removing party bears the
20 burden of showing that federal jurisdiction exists and that removal was proper. Harris v.
21 Provident Life & Acc. Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994).

22        In 1958, Congress amended 28 U.S.C. § 1332 to provide that a corporation is a citizen
23 of both its state of incorporation and the state in which it has its principal place of business.

---

[1] Dynamic Details Incorporated, Arizona states that it has changed its name to Laminate Technology Corporation, but there has been no formal change of party name with the clerk of the court. Therefore, we continue to refer to the party as Dynamic Details Incorporated, Arizona ("DDI-Arizona").

- 2 -

1  28 U.S.C. § 1332(c)(1). For purposes of determining diversity, a corporation's principal
2  place of business is determined at the time the action was commenced, <u>Stock West Corp. v.</u>
3  <u>Taylor</u>, 964 F.2d 912, 917 (9th Cir. 1992), or removed, <u>Miller v. Grgurich</u>, 763 F.2d 372, 373
4  (9th Cir. 1985). Under 28 U.S.C. § 1332, complete diversity "does not exist unless <u>each</u>
5  defendant is a citizen of a different State from <u>each</u> plaintiff." <u>Owen Equip. & Erection Co.</u>
6  <u>v. Kroger</u>, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402 (1978) (emphasis in original). It is
7  undisputed that one of the plaintiffs in the present case is an Arizona citizen. Therefore, if
8  either defendant Nelco or DDI-Arizona is a citizen of Arizona, the parties lack complete
9  diversity of citizenship.
10 In its Answer, Nelco states that it is a Delaware corporation with its principal place
11 of business in Arizona (doc. 25 at 2). It now acknowledges that it sold its assets and has been
12 inactive since April 2001. <u>Reply</u> at 2-3. Defendant DDI-Arizona asserts in its Answer that
13 it is a Delaware corporation with its principal place of business in Arizona (doc. 19 at 2),
14 where it operated a business at a facility it leased in Tempe, Arizona (the "Tempe facility").
15 DDI-Arizona now contends that it ceased all business operations in Arizona in May 2005,
16 and since that date its only business activity was overseeing an eleven-month remediation
17 and restoration project of the Tempe facility, directed from its corporate offices in Anaheim,
18 California. The remediation project was completed in April 2006, at which time the leased
19 Tempe facility was surrendered to the owners. <u>DDI-Arizona Response</u> at 4. One month
20 later, in May 2006, this action was filed in state court. On June 30, 2006, the action was
21 removed to federal court.

**II**

23 There is a split of authority as to the proper test to determine the citizenship of an
24 inactive corporation for diversity jurisdiction purposes. There is no controlling Ninth Circuit
25 precedent. Courts have focused on Congress' intent when it amended the statute in 1958 to
26 enlarge the definition of citizenship to include a corporation's principal place of business.
27 "The primary purpose of Section 1332(c) was to ease the workload of the federal courts,

1  particularly with regard to diversity of citizenship cases." 13B Charles A. Wright & Arthur
2  R. Miller, Federal Practice & Procedure § 3624, at 607-08 & n.13 (and cases cited therein).
3  Congress also sought to eliminate "the evil whereby a local institution, engaged in a local
4  business and in many cases locally owned, is enabled to bring its litigation into the Federal
5  courts simply because it has obtained a corporate charter from another state." S. Rep. No.
6  85-1830, at 5 (1958), reprinted in 1958 U.S.C.C.A.N. 3099, 3101-02; see also Comtec, Inc.
7  v. Nat'l Technical Schs., 711 F. Supp. 522, 523-24 (D. Ariz. 1989).

8        Three different tests have emerged to determine the citizenship of an inactive
9  corporation. The Third Circuit has held that an inactive corporation has no principal place
10 of business, regardless of the length of its inactivity, and is therefore only a citizen of its state
11 of incorporation. Midlantic Nat'l Bank v. Hansen, 48 F.3d 693, 696 (3d Cir. 1995). The
12 court noted that this approach may "subver[t] the intent of Congress in amending Section
13 1332, . . . [but] the benefits of certainty and clarity [are obtained] from the 'bright line'
14 approach." Id. at 698. Conversely, the Second Circuit concluded that an inactive
15 corporation's citizenship "is determined not only by its state of incorporation, but also by the
16 place it last transacted business." Wm. Passalacqua Builders, Inc. v. Resnick Developers
17 South, Inc., 933 F.2d 131, 141 (2d Cir. 1991). The court reasoned that to hold otherwise
18 would allow "a defunct corporation, no matter how local in character, [to] remove a case to
19 federal court based on its state of incorporation," contrary to congressional intent. Id.

20       Finally, the Fourth and Fifth Circuits rejected both bright line tests, and instead
21 adopted a case by case approach, concluding that a corporation that has been inactive for "a
22 substantial period of time" was a citizen only in its state of incorporation. Accordingly, these
23 courts concluded that the last principal place of business is relevant, but not dispositive, in
24 determining citizenship for diversity purposes. Athena Auto., Inc. v. DiGregorio, 166 F.3d
25 288, 291 (4th Cir. 1999) (finding three-year absence from state was "substantial"); Harris v.
26 Black Clawson Co., 961 F.2d 547, 551 (5th Cir. 1992) (finding five-year absence from state
27 was "substantial").

28
- 4 -

**III**

We reject the approach adopted by the Third Circuit–that an inactive corporation has no principal place of business–because it directly contravenes the clear intent of Congress to limit a corporation's ability to invoke federal jurisdiction. See Patel v. Sugen, Inc., 354 F. Supp. 2d 1098, 1112 (N.D. Cal. 2005) (stating that the Third Circuit's test has "the disadvantage of expanding the scope of diversity jurisdiction," and "runs afoul of the principle that statutes conferring jurisdiction are to be construed narrowly").

We are persuaded by the Second Circuit's bright line test, however, because it affords the certainty and clarity sought by the Third Circuit's approach, while at the same time advancing congressional intent to limit federal diversity jurisdiction.  This bright line approach avoids the discretionary factual determination inherent in the Fourth and Fifth Circuit's case by case approach.

We need not choose between the Second Circuit's test and the case by case approach, however, because under either test the parties in the instant case lack complete diversity of citizenship.  Applying the Second Circuit's test, both Nelco and DDI-Arizona are citizens of Arizona.  While conducting business, both corporations' principal place of business was Arizona.  That status was not lost once they closed their doors.

Under the case by case test, although Nelco has lost its Arizona citizenship after its five-year period of inactivity, DDI-Arizona's period of inactivity is not so substantial as to destroy its Arizona principal place of business. DDI-Arizona asserts that it has been inactive since May 2005, when it stopped manufacturing in Arizona.  However, from May 2005 to April 2006, it continued to lease the Tempe facility while it remediated and restored the premises, although it coordinated the remediation project from its office in California.  In April 2006, only one month before this action was filed and three months before it was removed to federal court, DDI-Arizona completed the remediation project and surrendered the Tempe facility to its owners.

Under the case by case approach, DDI-Arizona's ongoing remediation project at the

- 5 -

Tempe facility served to preserve its local character and maintain its local ties sufficient to establish Arizona as its principal place of business. See Athena, 166 F.3d at 291 (a corporation's business activities "do[ ] not usually end with the abruptness of closing its doors . . . a corporation's "winding up of its business affairs may well constitute a significant activity and consume a considerable period of time").

Even if we were to ignore this ongoing operation in Arizona, we would nevertheless conclude that the one-year period of inactivity, beginning in May 2005, was not so "substantial" as to destroy its local connection with Arizona. Therefore, under either the Second Circuit's test or the case by case approach, Arizona remained DDI-Arizona's principal place of business at the time this action was filed in state court and at the time it was removed to federal court. Because there is not complete diversity of citizenship, we lack subject matter jurisdiction. Accordingly, this case must be remanded to state court.

## IV

Construing defendant Nelco's motion to dismiss as a motion to remand, **IT IS ORDERED GRANTING** the motion and remanding the case to the Superior Court of Arizona in Maricopa County (doc. 29). **IT IS FURTHER ORDERED DENYING** defendant DDI-Arizona's motion for leave to amend its answer as moot (doc. 46).

DATED this 9th day of March, 2007.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge